IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF WEST VIRGINIA
WHEELING DIVISION

RAYMOND WHITE & CINDY WHITE,

    Plaintiffs,

v.      Civil Action No. 5:24-cv-151
     Judge: Bailey

EQT PRODUCTION COMPANY,

    Defendant.

ELECTRONICALLY FILED
8/02/2024
U.S. DISTRICT COURT
Northern District of WV

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant EQT Production Company ("Defendant" or "EQT") files this Notice of Removal to remove this civil action from the Circuit Court of Marshall County, West Virginia, where it was filed as Case No. 24-C-62, to the United States District Court for the Northern District of West Virginia, and states as follows:

### DIVERSITY JURISDICTION

1. The controversy between Plaintiffs and EQT is a controversy between citizens of different states:

    a. According to their Verified Complaint, Plaintiffs Raymond White and Cindy White ("Plaintiffs") are a married couple residing at 656 New Bethel Road, Glen Easton, WV 26039. Compl. ¶ 1. Accordingly, Plaintiffs are both citizens of West Virginia.

    b. The citizenship of a limited liability company, for purposes of diversity jurisdiction, "is determined by the citizenship of all of its members." *Cent. W. Va. Energy Co. v. Mt. State Carbon, LLC.,* 636 F.3d 101, 103 (4th Cir. 2011) (citing *Gen. Tech. Applications, Inc. v. Exro Ltda,* 388 F.3d 114, 121

22914568

        (4th Cir. 2004)) (a limited liability company's "citizenship is that of its members").

c.    Plaintiffs claim to have entered the Right-of-Way Agreement at issue ("Agreement") with XCL Midstream Operating, LLC on or about September 23, 2021. Compl. at p. 2, n.2. XCL Midstream Operating, LLC was a Delaware limited liability company.

d.    On or about August 23, 2023, XCL Midstream Operating, LLC was renamed to EQT XL Midstream Operating LLC. Upon information and belief, EQT XL Midstream Operating LLC is the proper Defendant in this case. EQT XL Midstream Operating LLC is a Delaware limited liability company whose sole member is EQT XL Midstream LLC.

e.    EQT XL Midstream LLC is a Delaware limited liability company whose sole member is EQT XL Holdings MidCo LLC.

f.    EQT XL Holdings MidCo LLC is a Delaware limited liability company whose sole member is EQT Midstream HoldCo LLC.

g.    EQT Midstream HoldCo LLC is a Delaware limited liability company whose sole member is EQT Production Company.

h.    EQT Production Company is a Pennsylvania corporation with its principal place of business in Pittsburgh, Pennsylvania.

i.    Accordingly, EQT XL Midstream Operating LLC, the proper defendant in this case, is a citizen of Pennsylvania. *See Gen Tech.*, 388 F.3d at 121. If the Court determines that EQT Production Company is the proper defendant, it is a citizen of Pennsylvania because it is a Pennsylvania

corporation with its principal place of business in Pittsburgh, Pennsylvania. 28 U.S.C. § 1332(c)(1).

2. The amount in controversy in this matter exceeds the amount of $75,000.00, exclusive of interest and costs, in that:

   a. Although the Complaint seeks an unspecified amount of compensatory damages, the amount in controversy exceeds the sum or value of $75,000.

   b. This is a breach of contract action. Comp. ¶¶ 41-45. In their Complaint, Plaintiffs alleged at least nine different ways in which EQT purportedly breached the Agreement. *See generally,* Compl. Although EQT disputes such allegations and disputes that Plaintiffs are entitled to any damages, for purposes of removal, the Complaint demonstrates that the amount in controversy exceeds $75,000, exclusive of interest and costs.

   c. Plaintiffs' alleged damages include a variety of purported property damages, some of which are allegedly "ongoing and continuing," along with other damages such as: (a) damage to rental property; (b) 200 hay bales to feed their livestock; (c) time, energy, and resources spent in redirecting their cattle herd; (d) replacement hay when Plaintiffs' cattle allegedly consumed the hay on a neighbors' property; (e) road damager; (f) damage to a culvert; (g) damage to rental property due to flooding; and (h) other miscellaneous damages. *See generally,* Compl. Plaintiffs also seek attorneys' fees. *Id.*

   d. Additionally, Plaintiffs have demanded $889,000.00 to settle this matter. A settlement demand can be evidence of the amount in controversy. *Stogsdill*

22914568

*v. Spears*, No. 2:19-CV-00440, 2019 WL 4230665, at *2 (S.D.W. Va. Sept. 5, 2019) (explaining plaintiff's settlement demand can be considered because "'[t]he amount in controversy is not what the plaintiff, his lawyer, or some judge thinks a jury would award the plaintiff assuming he prevails on the merits. It is what the plaintiff claims to be entitled to or demands'") (citations omitted; brackets in original).

e. Courts have found removal was proper when the plaintiff demanded more than $75,000 to settle the case.[1] *Id.* at *3 (explaining "'a demand in excess of the jurisdictional minimum should be treated as the amount in controversy, unless the plaintiff shows that to a legal certainty he cannot recover over $75,000,'" and holding removal proper when plaintiff demanded $80,000) (citations omitted); *Littleberry v. N. Clearing, Inc.*, No. 5:19-CV-177, 2019 WL 10058760, at *3 (N.D.W. Va. Sept. 10, 2019) (holding "defendant has proven by a preponderance of the evidence that the amount in controversy is over $75,000" when plaintiff's settlement demand was "several times the jurisdictional minimum amount"); *Campbell v. Restaurants First/Neighborhood Rest., Inc.*, 303 F. Supp. 2d 797, 799 (S.D.W. Va. 2004); *Melton v. Precision Laser & Instruments, Inc.*, No. 2:12-CV-1697, 2012 WL 6703148, at *4-5 (S.D.W. Va. Dec. 26, 2012)

---

[1] Indeed, some courts have held that even a settlement demand of *less than* $75,000 can demonstrate the amount in controversy is satisfied because "'[i]n order to allow for the hazards and costs of litigation, settlement offers routinely represent a discount from the damages plaintiffs will attempt to prove at trial.'" *White v. Newrez, LLC*, No. 2:21-CV-00444, 2022 WL 1920696, at *2 (S.D.W. Va. June 3, 2022) (citation omitted; brackets in original).

        (amount claimed for breach of contract and demanded in settlement negotiations demonstrated amount in controversy exceeded $75,000).

    f.    For purposes of this Notice of Removal, EQT is only required to set forth a plausible allegation that the amount in controversy exceeds $75,000, exclusive of costs and interest. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014); 28 U.S.C. §§ 1332(a), 1446(a).

    g.    Here, multiple factors weigh in favor of finding the amount in controversy is satisfied, including (1) the numerous alleged breaches that Plaintiffs are pursuing, (2) the various alleged property damage and attorneys' fees that Plaintiffs seek to recover, and (3) Plaintiffs' demand of $889,000 to settle this case. Collectively, the foregoing demonstrates that the amount in controversy requirement is met in this case.

3.    Accordingly, because the controversy in this civil action is wholly between citizens of different states—Plaintiffs are citizens of West Virginia and Defendant is a citizen of Pennsylvania—and because the amount in controversy exceeds the sum of $75,000.00, exclusive of costs and interest, Defendant may remove this action pursuant to 28 U.S.C. §§ 1332 and 1441.

## OTHER REMOVAL PREREQUISITES

4.    This Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b)(1) in that it is being filed within thirty (30) days after first receipt of service of the Complaint by Defendants on July 15, 2024.

5.    Removal to the United States District Court for the Northern District of West Virginia is appropriate because this action is being removed from the Circuit Court of Marshall County, West Virginia, which is located within the Northern District of West Virginia.

22914568

6.As required by 28 U.S.C. § 1446(a), Defendant has attached as **Exhibit A** "a copy of all process, pleadings, and orders served upon" it.

7.Pursuant to 28 U.S.C. § 1446(d), a copy of this notice is being served on all counsel of record and filed with the clerk of the Circuit Court of Marshall County.

**WHEREFORE**, Defendant removes this action from the Circuit Court of Marshall County, West Virginia to this Court.

Respectfully submitted,

  /s/ John Kevin West
John Kevin West (WVSB # 13313)
**STEPTOE & JOHNSON PLLC**
41 South High Street, Suite 2200
Columbus, OH  43215
T: (614) 458-9889
F: (614) 221-0952
kevin.west@steptoe-johnson.com

Justin M. Wilson (WVSB # 14309)
**STEPTOE & JOHNSON PLLC**
1324 Chapline Street, Suite 100
Wheeling, WV 26003
T: (304) 231-0476
F: (304) 233-0014
justin.wilson@steptoe-johnson.com

***Counsel for Defendant EQT Production Company***

22914568

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF WEST VIRGINIA
WHEELING DIVISION

RAYMOND WHITE & CINDY WHITE,

    Plaintiffs,

v.                                                                                              Civil Action No. 5:24-cv-151
                                                                          Judge: Bailey

EQT PRODUCTION COMPANY,

    Defendant.

## CERTIFICATE OF SERVICE

    I hereby certify that on August 2, 2024, a true and correct copy of the foregoing document was served upon the following counsel of record by depositing a copy in the U.S. mail, postage pre-paid, in an envelope with the following address:

J. Anthony Edmond<br>
EDMOND & BAUM, PLLC<br>
1300 Market Street, Suite 102<br>
Wheeling, WV 26003<br>
attorneys@edmondbaumpllc.com<br>
<i>Counsel for Plaintiffs</i>

                                                                                  */s/ John Kevin West*
                                                                                John Kevin West (WVSB # 13313)

22914568